UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re JANSSEN INC., ) <br> ) <br> Petitioner, ) <br> ) <br> To Issue Subpoenas For The Taking Of ) <br> Depositions. ) <br> ) | No. _____ |

**APPLICATION FOR AN ORDER TO CONDUCT
DISCOVERY ON PAUL SAKORAFAS AND MICHAEL ROGUSKA
FOR USE IN FOREIGN PROCEEDING**

Pursuant to 28 U.S.C. § 1782, Janssen Inc. ("Janssen") applies to the Court *ex parte* for an order permitting Janssen to serve Paul Sakorafas and Michael Roguska ("Respondents") with deposition subpoenas. The requested testimony is sought with respect to the civil proceedings currently pending before the Federal Court in Toronto, Canada ("The Federal Court") in *Abbott Laboratories Ltd. et al. v. Janssen Inc.* (Dkt. T-1310-09). A Proposed Order is attached as Exhibit 1.

In support of this application, Janssen states as follows:

1. Janssen is the defendant in The Federal Court action referenced above. In that action, Abbott Laboratories Ltd., Abbott GmbH & Co., KG, and Abbott Biotechnology Ltd. ("Abbott") allege that Janssen infringes one of Abbott's patents. Janssen has responded, denying infringement and asserting that the patent-in-suit is invalid.

2. Messrs. Sakorafas and Roguska are each named inventors of the patent-in-suit. Both inventors reside or may be found in the District of Massachusetts and, thus, are subject to the subpoena power of this Court.

1

3. Neither Mr. Sakorafas nor Mr. Roguska is subject to the subpoena power of The Federal Court.

4. On September 19, 2011, The Federal Court issued a Letter of Request. A copy of the Letter of Request is attached as <u>Exhibit 2</u>.

5. The Letter of Request details that Janssen seeks the oral testimony of Messrs. Sakorafas and Roguska "with respect to their involvement in the subject matter of the patent in issue."

6. The requested depositions are to take place before a Notary Public or other officer authorized by law to administer oaths. The depositions shall be recorded using transcription means and shall continue day to day until completed.

7. In addition, pursuant to the Letter of Request, the examination of the witnesses is to be in accordance with the *Federal Courts Rules* of The Federal Court.

8. Janssen requests the subpoenas to issue promptly so that the depositions can be conducted on May 2 and 3, 2013. Attached as <u>Exhibit 3</u> are copies of the draft subpoenas Janssen intends to serve upon Messrs. Sakorafas and Roguska.

9. The May 2013 dates for deposition have been discussed with counsel for Abbott.

10. This application meets the statutory requirements of Section 1782, which provides that the "district court of the district in which a person resides or is found may order him to give his testimony or statement . . . for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a).

11. Moreover, in *Intel Corp. v. Advanced Micro Devices, Inc.*, the United States Supreme Court set forth four discretionary factors that "bear consideration in ruling on a § 1782(a) request." 542 U.S. 241, 264-65 (2004). These factors are (1) whether "the person

from whom discovery is sought is a participant in the foreign proceeding," (2) the receptivity of the foreign tribunal to U.S. court assistance, (3) whether the Section 1782 request is an attempt to "circumvent foreign-proof gathering restrictions," and (4) whether the documents and testimony sought are "unduly intrusive or burdensome." *Id*. Although these are not hard and fast rules, they certainly favor allowing the requested discovery here.

12. As noted above, Messrs. Sakorafas and Roguska are not parties to The Federal Court action and reside outside the jurisdiction of the foreign tribunal. There is no evidence that The Federal Court would not be receptive to Section 1782 assistance from a United States court. And Janssen's application is not an attempt to avoid the rules of discovery in The Federal Court. Here, Janssen in good faith seeks the depositions of Messrs. Sakorafas and Roguska, who reside in Massachusetts, and is unaware of any means other than this Section 1782 proceeding by which to obtain the requested testimony. Finally, Janssen's request for depositions is not unduly intrusive or burdensome.

WHEREFORE, for the foregoing reasons, Janssen requests that the Court enter the Proposed Order attached as Exhibit 1.

JANSSEN INC.,

By its attorneys,

/s/ Heather B. Repicky
Heather B. Repicky (BBO # 663347)
*hrepicky@nutter.com*
Nutter McClennen & Fish LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2192

Dated: April 9, 2013

3